UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FILED
JAN - 8 2001
Deputy Clerk, U.S. District Court
Middle District of Louisiana
Baton Rouge, La.

ROBERT T. McGREGOR

VS

JURY DEMAND

CA 01-34-B-3

AFC Enterprises ®, Inc.;
Church's ® Chicken;
Popeyes Chicken & Biscuits®;
MR. FRANK J. BELATTI, CHAIRAN and CEO of AFC Enterprises ®, Inc.;
MR. JON LUTHER, PRESIDENT Popeyes Chicken & Biscuits®;
MS. HALA MODDELMOG, PRESIDENT Church's ® Chicken;
MR. GERALD WILKENS, EXECUTIVE VP and CFO RISK MANAGEMENT AFC Enterprises ®, Inc.;
THE ENTIRE BOARD OF DIRECTORS of AFC Enterprises ®, Inc.;
SAMUEL N. FRANKEL, EXECUTIVE VP and GENERAL COUNSEL AFC Enterprises ®, Inc.;
ALL AFC Enterprises ®, Inc.;  BUILDING CONTRACTORS and/or EMPLOYEES, PARKING LOT SUPERVISORS, and ALL SECURITY PERSONNEL.

## COMPLAINT

This complaint alleges a continuous deliberate, intentional, and egregious pattern or practice of "discriminatory treatment" with malice, and denial of, the full use of and equal enjoyment by severely disabled, mobility impaired, pro se plaintiff Robert T. McGregor of the goods, services, facilities, privileges, advantages, and accommodations offered by " AFC Enterprises ®, Inc.; et al" (AFC) based solely upon his "alleged" disabilities and being mobility impaired necessitating the use of a wheelchair.

"McGREGOR" alleges that his rights under Title II of the Civil Rights Act of 1964 (Public Accommodations Act), 42 U.S.C. §§ 2000a et seq., were purposefully and intentionally violated, with malice; and, he has suffered "damages."

"McGREGOR" alleges that his rights under Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 - 12213; section 302(a) of 42 U.S.C. 12182(a); 42 U.S.C. 12182(b)(2)(A)(iv); section 308(b) of 42 U.S.C. § 12188; 42 U.S.C. §§ 12131 - 2134; 42 U.S.C. § 12203(b); and 28 U.S.C. 1331 and 1335; The Civil Rights Act of 1991; and the Rehabilitation Act of

1973, and the Louisiana Civil Code (in particular LSA 2315) were purposefully and intentionally violated, with malice; and, has suffered serious "damages:" physical, emotional psychological, etc.

## JURISDICTION

This Court has jurisdiction over this action pursuant to 42 U.S.C. §§ 2000a-3(a) and 2000a-5(a) and 28 U.S.C. § 1345; "), 42 U.S.C. §§ 12101 - 12213; section 302(a) of 42 U.S.C. 12182(a); 42 U.S.C. 12182(b)(2)(A)(iv); section 308(b) of 42 U.S.C. § 12188; 42 U.S.C. §§ 12131 - 2134; 42 U.S.C. § 12203(b); and 28 U.S.C. 1331 and 1335; The Civil Rights Act of 1964; The Civil Rights Act of 1991; Section 504 of the Rehabilitation Act of 1973, as well as pendant jurisdiction of numerous intentional violations with malice of the Louisiana Civil Code (in particular LSA 2315).

## VENUE

Venue is proper in the Middle District of Louisiana because "most," but not all, of the pain and suffering of the claims alleged herein arose in the Middle District; the Defendants "do business in the Middle District;" and all "attempted" contractual agreements and/or all "attempted" purchase of "goods and services" were made and/or finalized in this District, but apply Nationwide.

## PARTIES

Defendants AFC are places of public accommodation under 42 U.S.C. § 2000a(b)(1) and affect commerce within the meaning of 42 U.S.C. § 2000a(c)(1); Federal and State funds are "taken and/or used" in various ways to "operate" at least one if not all of theses facilities.

AFC to the best of McGregor's knowledge, understanding and belief, are "Title III" facilities that are "open to the public at large," are engaged in the delivery of "goods and services" locally as well as across state lines, operate a restaurant and other "facilities" he is denied access to; advertise on local and national media in the Middle District; etc.; as well as contract from and for "other" Title III facilities in their parking lot(s) at various times throughout the year(s); i.e., Louisiana Naval Oranges, Satsuma's, Texas

Bee Honey, Mississippi Wild Flower Honey, etc, vendors; "Hot Boiled Crawfish" etc., vendors; "Guaranteed Fresh Seafood," etc., vendors; as well as deal with other yet un-named "Vendors," etc.; Coke, Pepsi, etc., and "other" yet un-named "cola-type" beverage vendors; Coffee vendors, bakery and/or pastry vendors, "vending machine suppliers," local newspaper vendors, local dairy product vendors, local telephone companies, etc., acting as agents for AFC deliberately, purposefully, and with malice intentionally blocking specifically designated handicapped and/or van accessible parking spaces and/or "alleged" wheelchair accessible entrances and about any "other" item AFC determined to be more important than THE ACT, and therefore are clearly subject to litigation.

Plaintiff McGregor, ("McGREGOR") has standing as a "severely disabled" client, "severely disabled" attempted client, and a "severely disabled potential client" of numerous AFC facilities nationwide; is above the age of majority; has a record of being "considered" and/or "regarded as" physically disabled; and "appears" to exhibit the intellectual capacity and/or mental ability to "move forward" in a Court of competent jurisdiction to protect his rights.

Therefore, McGREGOR has "allegedly" retained his mental capacity despite his physical maladies.

### TITLE II VIOLATIONS

AFC are places of public accommodation under 42 U.S.C. § 2000a(b)(1) and affect commerce within the meaning of 42 U.S.C. § 2000a(c)(1); Federal and State funds are used and/or co-mingled to "operate" theses facilities with fire inspection services, and city parish and state business permits, city parish and state "accounts," as well as sale and/or profit from sale of US Stamps in the past with machines in the lobby; public telephones with "collect" and pay local, state and federal taxes for long distance calls; as well as "receives payment from" various "quasi" public service entities who collect state and federal funds.

McGREGOR suffered "permanent damages" as a result of AFC's purposeful, deliberate, egregious and intentional with malice, continuous and on-going, systematic, blatant failure to comply with

3

Federal laws when it comes ADAAG compliant parking, entrance ramps, van accessible parking, safe and/or ADAAG compliant entrance ways and thresholds, to the safety and/or evacuation of wheelchair clients in an emergency (some compenseable, some irreparable) repeatedly since 1997 when he personally advised location(s) in this District of its ADAAG violations throughout 1997, 1998, 1999, and the year 2000; which have not changed as late as Jan. 2001, and obviously will not change without help and/or assistance of this Honorable Court.

### TITLE III VIOLATIONS

AFC operates numerous locations in Baton Rouge, in Louisiana, and the Middle District, Fifth Circuit jurisdiction, as well as Nationwide based from their Atlanta, GA Home Office address.

AFC also contracts with various Title III vendors for clients "goods and services," as well as ships products across state lines.

McGREGOR repeatedly notified AFC throughout 1997, 1998, 1999, and the year 2000 on at least twelve (15+) separate occasions with comments as well as color photographs of his suffering "damages" in non-accessible parking spaces, "damages" on non-accessible entrances without ramps, "damages" on non-accessible entrances with "alleged ramps," "damages" by non-ADAAG compliant doors, "damages" at or in non-accessible spaces or on non-accessible ramps that were purposefully, and also intentionally designated as van accessible, etc, at various AFC in Zachary, LA; Baker, LA; Lafayette, LA; New Orleans, LA; Gonzales, LA; Baton Rouge, LA; Hammond, LA; Slidell, LA; the Mississippi Gulf Coast, in Lake Charles, LA; the Houston, TX area, etc., locations, with "damages," to no avail.

McGREGOR has attempted to resolve these matters in a professional manner in person for quite some time and had even contacted the "legal" office in Atlanta, GA; as well as Miami, FL, to no avail.

Even today, McGREGOR again experienced the same type of "non-ADAAGG compliance and/or lack of enforcement" in one of their restaurant facility parking lots.

4

Nevertheless, McGREGOR has "clear and convincing," indisputable, professional photographic documentation of obvious ADAAG violations, for many years now. This continuous "pattern or practice" of intentional discriminatory treatment of McGregor, based solely on his disability, will forevermore guarantee McGregor being denied access to "goods and services," as well as exacerbate his medical condition.

These "physical as well as emotional scars" will forever prevent McGREGOR from "dining out and/or using restaurant facilities" by himself, with family, or friends, as a result of "intentional discrimination" with malice, where ever he decides to eat at any location in the USA.

In closing, "The ADA is aimed at protecting persons with disabilities." (including McGREGOR) "As stated in relation to the Rehabilitation Act, which in this Court's belief is equally applicable here, discrimination against the handicapped was perceived by Congress to be most often the product, not of invidious animus, but rather of thoughtlessness and indifference -- of benign neglect."

AFC had ample opportunity to "research" McGREGOR's "claims," and still has an obligation under the law to know of, and fully correct, ALL ADAAG violations prior to opening their doors at any location in the year 2001; this Honorable Court, and the Jury, need not be reminded of how long ago "the ACT" became effective.

This "benign neglect" (after being clearly informed) should be seen by this Honorable Court as clear and convincing, "deliberate, belligerent, purposeful, and intentional (with malice), benign stupidity" for well known Federal Law and the Civil Rights of McGREGOR, which requires maximum enforcement to "set the standard and/or example" as to what "financial punishment and fines" a flippant disregard of FEDERAL LAW and ENFORCEMENT deserves.

### Prayer For Relief

Wherefore, pro se in proper person plaintiff McGREGOR prays that the Court enter an Order:

1. That McGregor be granted leave to prosecute the proceeding to conclusion without prepayment of costs or security therefore because of his inability to pay the costs of this action as they accrue; i.e., IN FORMA PAUPERIS status;

5

2. Declaring that the discriminatory practices of the Defendant violates Title II of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000a et seq.;

3. Declaring that the discriminatory practices of the Defendant violates Title III of the Americans with Disabilities Act of 1990, et seq.; The Civil Rights Act of 1991; and the Rehabilitation Act of 1973, as well as violations of the Louisiana Civil Code (in particular LSA 2315) under pendant jurisdiction.

4. Enjoining Defendant, its officers, employees, agents, and successors, and all other persons in active concert or participation with any of them, from engaging in any act or practice which, on the basis of race or color, denies or abridges any rights secured by Title II of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000a et seq.;

5. That this Honorable Court issue appropriate preliminary or permanent injunctive relief restraining defendants; their officers, successors, assigns, agents, employees, and all persons in active concert and/or participation with them, from punishing, threatening, harassing, deterring, discouraging, or otherwise interfering with plaintiff and/or his family, in the exercise of his rights under the ADA or any other applicable federal regulation and laws.

6. Requiring the Defendant, its officers, employees, agents, and successors, and all other persons in active concert or participation with any of them to take such affirmative steps as may be necessary to remedy the past unlawful conduct;

7. For compelling public concern, that this Honorable Court grant injunctive relief immediately to bring ALL of defendants facilities in the entire Fifth Circuit into full and immediate ADA compliance which do not discriminate against any qualified individual with disabilities (McGregor), or any other "mobility impaired" individual (McGregor) seeking "goods and services;"

8. That McGREGOR be awarded compensatory and punitive damages from EACH of the above named violators, individually and singularly, with penalties and interests, in the amount of:

    A. Mental anguish, emotional distress, and pain and physical suffering ... $25, 000, 000.‰

    B. Inconvenience............................................................................. $25, 000, 000.‰

    C. Loss of enjoyment of life, and non-pecuniary losses ........................ $15, 000, 000.‰

    D. Punitive damages for intentional acts of discrimination ..................... $15, 500, 000.‰

FOR A SUB TOTAL OF **$80, 500, 000.‰** (eighty million five hundred thousand dollars) EACH x (10) TEN EQUALS A GRAND TOTAL OF **$805, 000, 000.‰** FROM ALL PARTIES COMBINED.

(EIGHT HUNDRED FIVE MILLION AND 00/100 DOLLARS)

9. Payment of all amounts requested, as well as full payment for the cost(s) of discovery, investigation, preparation, film, processing, reasonable professional services and/or photographic expert witness fees, court preparation costs and of filing this action, "other" expert witness fees, court costs if any, and travel;

6

10. A CIVIL PENALTY in the amount of $50,000.00 for the first violation; then $100,000.00 for each subsequent violation McGregor can identify, NATIONWIDE, to be PAID directly to the U.S. Government, with a maximum cap of $350 MILLION in FINES;

11. McGregor also further prays for such additional relief as the interests of justice may require, together with all of his costs and disbursements of this action;

12. McGregor respectfully requests of this Honorable Court that all parties it determines should be served, be done by U.S. Marshal with Form 285, thus "protecting" pro se plaintiff from any potential "hostility," frustration, anger by defendants, and/or confrontation; and, for the known fact that defendants' facilities are not in valid ADAAG compliance and/or fully wheelchair accessible to him.

13. That this Honorable Court will not delay, but encourage McGregor's request for Congressional Inquiry and/or sweeping investigations by US DOJ Officials to demand full ADA Compliance by all AFC facilities and/or restaurants (free standing, or within a larger store or facility, or "attached" to a larger store or facility, of ALL Board of Directors and/or Company Officers, etc., that any "link" of any significance or matter to any AFC restaurants in any manner whatsoever, of and for "compelling public concern."

Submitted by:

*Robert T. McGregor*

Robert T. McGregor
Pro Se In Proper Person
1440 Montgomery Drive
Baton Rouge, LA 70815-6830
(225) 273-0763 (voice)
(225) 275-6432 (24 hr FAX)

## CERTIFICATE OF MAILING

I, Robert T, McGregor, herby certify that a copy of the foregoing has been served upon Mr. Kenneth S. Kaplan, Assistant General Counsel, AFC Enterprises, Six Concourse Parkway, Suite 1700, Atlanta, GA 30328-5352; tel. (770) 391-9500; also believed to be defendants Agent for SOP, postage prepaid, properly addressed, this 7[h] day of January 2001.

*Robert T. McGregor*  Robert T. McGregor

*7 Jan 2001*

7